IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR R. COLE, | ) |
| | ) |
| Plaintiff, | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1298 |
| | ) |
| TRAVELERS INSURANCE, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION AND ORDER

This civil action, removed from state court, arises out of a motor vehicle accident in which Plaintiff allegedly sustained injuries. Following the accident, Plaintiff made a claim for benefits from Defendant, Plaintiff's insurer. Defendant denied the claim. Plaintiff then filed the present action, asserting causes of action for breach of contract and bad faith based on Defendant's alleged denial of "uninsured/underinsured" motorist coverage.

Before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Because I will consider a stipulation of fact by the parties, as well as Plaintiff's admissions in response to Defendant's Motion, I will treat this matter under summary judgment principles according to Fed. R. Civ. P. 12(b) and 56. Under the circumstances of this case, which have included two conferences with the Court, it is clear that the parties have had a reasonable opportunity to present all pertinent material. Rule 56 requires that I consider whether the pertinent materials "show

that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."

Here, it is undisputed that the non-party involved in Plaintiff's motor vehicle accident was, in fact, insured; he did not intend to assert an independent cause of action based on uninsured motorist benefits. At a conference on November 22, 2005, the parties stipulated that Plaintiff made no demand for underinsured motorist benefits. At this time, therefore, Plaintiff cannot, as a matter of law, sustain his causes of action based on denial of either uninsured or underinsured motorist benefits.

AND NOW, this 8th day of December, 2005, it is ORDERED that Defendant's Motion to Dismiss (Docket No. 2) is GRANTED. This case is marked Closed.

BY THE COURT:

_____

Donetta W. Ambrose,
Chief U. S. District Judge